SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

Larry F. SMATH, Gregory R. Salvage, Joseph T. Falcone, Peter L. Cohen, Seth J. Glaser, and Frank J. Zangara, Defendant(s).

No. CV–99–0523(TCP)(ETB).

United States District Court, E.D. New York.

Aug. 9, 2003.

Eric M. Hansen, Edwin Henry Nordlinger, Securities Exchange Com'n, Robert Scott DeLeon, United States Sec. & Exchange Com'n, New York City, for Plaintiff.

William D. Gallagher, McMahon, Martine & Gallagher, New York City, for Defendant, Gregory R. Salvage.

Marc Bogatin, New York City, for Seth J. Glaser.

Thomas J. Rigiliano, Singer Frumento LLP, New York City, for Frank J. Zangara.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Before this Court is a motion for disgorgement and civil penalties brought by the Securities and Exchange Commission ("the SEC" or "Plaintiff") against defendant Joseph T. Falcone ("Falcone" or "Defendant"). Plaintiff seeks these remedies under Section 21A of the Securities Exchange Act of 1934, 15 U.S.C. § 78u–1, enacted as part of the Insider Trading and Securities Fraud Enforcement Act of 1988.

The SEC makes the instant motion on the basis of Falcone's criminal conviction on thirteen counts of securities fraud, in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. *United States v. Falcone,* 97 F.Supp.2d 297 (2000), *aff'd,* 257 F.3d 226 (2d Cir.2001). Familiarity with the prior history of Falcone's criminal conviction, set forth in the above opinions, is presumed.

In the present civil action brought by the SEC, Falcone has consented to the entry of a final judgment enjoining him from future violations of securities laws. In his Consent, Falcone "agree[d] that the amount of disgorgement and civil penalties, if any, will be determined by the Court upon motion of the Commission." (Salva Decl. Ex. C, Consent of Joseph T. Falcone, at 3.) Defendant also agreed that "for the purposes of such motion, . . . he will be precluded from arguing he did not violate the federal securities laws in the manner described in the Complaint herein." (*Id.*)

██ The SEC requests the following relief: (1) disgorgement totaling $5,354.38 ($4,898.38 in profits and $456 in commissions earned); (2) pre-judgment interest for either (a) a time period including the entire length of this civil action ($4,037.15) or (b) a time period excluding the government requested stay ($1,733.33); and (3) civil penalties totaling three times profits gained.

In this case, Falcone does not contest liability but does contest disgorgement of his profits, plus interest and penalties, to the SEC. Some factors in support of Defendant's position are:

(1) That he was not an inside trader;

(2) That he was convicted of a "crime," not specifically statutory in nature, but rather judicially prescribed;

(3) That nothing in the language of the statute explicitly defines or describes the alleged crime much less the concept of misappropriation; [1]

(4) That this judicially prescribed "crime" of "misappropriation" did not apply to him because he was a recipient, according to testimony at trial, of only public (not non-public) information;

(5) That, while any profit and interest might be due and owing to the purchasers on his advice of stock under State laws, they were not owed to the Government or the SEC;

(6) That the SEC's attempt to recover these funds on top of Falcone's criminal conviction and punishment therefor constitutes a double penalty for the same offense; and

(7) That the SEC's attempt to seek a recovery herein is both punitive and vindictive.

While this Court agrees with all of the statements listed above, no one yet has been able to convince the Court of Appeals for the Second Circuit that their reliance on the Supreme Court's decision in *United States v. O'Hagan,* 521 U.S. 642, 117 S.Ct. 2199, 138 L.Ed.2d 724 (1997), is misplaced, since that case is factually distinguishable from both *United States v. Libera,* 989 F.2d 596 (2d Cir.1993) and *Falcone,* 257 F.3d 226.

The Supreme Court's opinion in *O'Hagan,* which first affirmed the so-called "misappropriation" theory, involved not

---

1. The State or common law crime of possession of stolen property, knowing the same to have been stolen, is not involved herein.

only an individual who was a true "insider" but also dealt with the pirated use of non-public information. *O'Hagan* involved a partner in a law firm, which represented the tender offeror of an issue, who traded on "non-public" information. Falcone was neither an insider nor was the information he obtained non-public, therefore the facts of *O'Hagan* are inapposite to the case at bar.

Moreover, any substantial recovery in this case would further penalize a defendant who has already been severely punished. There are various factors that warrant the denial of substantial recovery, including, *inter alia:* (1) Defendant had no prior criminal history and now has a felony conviction on his record; (2) Defendant consented to the entry of a final judgment prohibiting him from future violations; (3) Defendant was subject to a lengthy and financially burdensome criminal trial and appeal, during which the Second Circuit, despite upholding this Court's acceptance of the Government's "misappropriation" theory, conceded Falcone's actions did not fall within the confines of traditional insider trading, *Falcone*, 257 F.3d at 229–230; and (4) This Court's admitted "reluctance" at having to affirm Defendant's conviction. *Falcone*, 97 F.Supp.2d at 298. Although Falcone's ill-gotten gains amounted to only $5,354.38 ($4,898.38 in profits and $456 in commissions earned), he spent upwards of $75,000 on legal fees for his criminal defense and subsequent appeal. Furthermore, Falcone has lost his license as a securities broker and may no longer be employed in the securities business. Defendant now works as a manager at a Dunkin' Donuts restaurant chain.

While this Court would have no objection to an order of disgorgement of the profits and interest due to the victims in this case, it sees no basis to reward the SEC for spending tens of thousands of taxpayer dollars in the pursuit of this action against Defendant. Plaintiff has already made an "example" of Defendant and proved to the world " 'crime' does not pay."

■ "The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474–75 (2d Cir.1996) (citing *SEC v. Lorin*, 76 F.3d 458, 462 (2d Cir.1996) (*per curiam* )); *see also SEC v. Patel*, 61 F.3d 137, 140 (2d Cir.1995) (holding "[d]istrict courts must be given wide latitude" in deciding the amount of disgorgement). Furthermore, the district court has discretion whether or not to impose a civil penalty "in light of the facts and circumstances" of the case at bar. 15 U.S.C. § 78u–1(a)(2); *see also SEC v. Moran*, 944 F.Supp. 286, 296–297 (S.D.N.Y.1996) ("Considering the discretionary nature of the civil penalty framework, prior decisions and consent decrees are of little comparative value for any individual matter."). Thus, this Court has discretion to determine whether or not to award disgorgement and civil penalties and the amount to award for each. In this case, enough is enough.

Accordingly, this Court, in its discretion, hereby GRANTS Plaintiff's motion and awards nominal damages in the amount of one dollar ($1.00) to the SEC.

SO ORDERED.